UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| GEORGE E. KERSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 16-10495-LTS |
| | ) | |
| BECTON DICKINSON AND CO., et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

MEMORANDUM AND ORDER

August 25, 2016

SOROKIN, J.

For the reasons set forth below, the Court: (1) allows plaintiff's motion for leave to proceed

*in forma pauperis*, Doc. No. 12; (2) denies plaintiff's motion to strike and renewed motion for

default, Doc. No. 17; (3) dismisses the complaint against Becton Dickinson and Co. ("BD"); (4)

allows BD's motion for sanctions, Doc. No. 15, and awards attorney's fees and costs incurred by

BD in bringing its motion; and (5) orders the plaintiff to show good cause why the remainder of

his complaint should not be dismissed or, in the alternative, file an amended complaint that cures

the pleading deficiencies of the original complaint.

BACKGROUND

George Kersey brings this diversity action alleging breach of contract.  The Court denied

without prejudice the Application to Proceed in District Court Without Prepaying Fees or Costs

("Application") because Kersey failed to provide a complete statement of his income.  See Doc.

No. 7.  Kersey was advised that if he wished to pursue this action, he had to either pay the $400

filing and administrative fees or file a complete Application.  Id.

In response to the Court's order, Kersey contends that he is entitled to proceed *in forma pauperis* and argues that he has complied with all applicable statues and local rules.  <u>See</u> Doc. No. 11.  Kersey also states that he sent to defendant a notice of lawsuit and request for waiver of service.[1]  <u>Id.</u>  The following week, on June 9, 2016, Kersey filed a renewed Application.  <u>See</u> Doc. No. 12.

On June 22, 2016, defendant BD moved for the Court to sanction Kersey pursuant to Rule 11 for filing a complaint BD contends is frivolous, legally unreasonable and without factual foundation.  <u>See</u> Doc. No. 15.  Specifically, BD argues that Kersey is pursuing a third-party beneficiary claim that is barred by *res judicata* principles and thus is for the improper purpose of harassing BD.  <u>Id.</u>  BD argues that the third-party beneficiary issue has already been decided in BD's favor and that there is no evidence to support Kersey's allegations that he is a third-party beneficiary.  BD's Rule 11 motion seeks to have this Court award attorneys' fees and strike Kersey's complaint with prejudice.  <u>Id.</u>

On June 24, 2016, Kersey filed a motion seeking to "strike" BD's motion for sanctions and renewed his motion for default judgment.  <u>See</u> Doc. No. 17.  BD filed an opposition and reply in support of motion for sanctions.  <u>See</u> Doc. No. 18.

DISCUSSION

I.     <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

As an initial matter, the Court notes that Kersey contends that because Section 1915 refers to "prisoners," he is not required to disclose to the Court all of his assets.  However, federal courts apply Section 1915 to non-prisoner *in forma pauperis* applications as well as prisoner applications.

---

[1] On June 24, 2016, the Court denied as moot Kersey's motion for default because summonses have not been issued.  <u>See</u> Doc. No. 16.

2

See, e.g., Hickson v. Mauro, 2011 WL 6001088, at * 1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)).   It is commonly understood that a typographical error in the final version of the statute occurred and Congress intended the phrase "that includes a statement of all assets such prisoner possesses" to read "that includes a statement of all assets such person possesses." See Haynes v. Scott, 116 F.3d at 139–40 ("We think the most natural reading ... is that Congress intended all petitioners to be more specific in their (a)(1) affidavits and that it intended prisoners to meet additional requirements under (a)(2)."); see also Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) ("The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners."). This Court interprets the statute accordingly.

Here, Kersey's Application to Proceed in District Court Without Prepaying Fees or Costs is incomplete in that he fails to specify the amount of Social Security benefits he receives each month.  See Doc. No. 12.  Notwithstanding this failure, the Court finds, based on the application, that plaintiff's sole source of income is from Social Security payments, and, taking judicial notice that others so situated qualify, the Court concludes that Kersey satisfies the requirements for *in forma pauperis* status.  Accordingly, his application for leave to proceed for *in forma pauperis* is granted.

II.    Standard of Review

When a plaintiff is permitted to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive

3

requirements of 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss complaints *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

Although Kersey is proceeding *pro se*, the Court notes that Kersey states that he was an attorney before he was disbarred by Massachusetts and New Hampshire.  Courts have declined to construe liberally the pleadings of former attorneys appearing *pro se*. See, e.g., Presnick v. Bysiewicz, 297 F.Supp.2d 431, 433 (D. Conn. 2003) ("While *pro se* complaints are held to less exacting standards than pleadings drafted by lawyers, plaintiff, a former attorney, is not entitled to the considerations accorded a typical *pro se* plaintiff."); Bertucci v. Brown, 663 F.Supp. 447, 449 (E.D.N.Y. 1987) (former attorney proceeding *pro se* was "not entitled to the considerations accorded a typical *pro se* plaintiff").  Although Kersey is not a typical *pro se* litigant, the Court will, in an abundance of caution, afford him some leeway. See In re Osborne, No. 13–CV–8211 CS, 2014 WL 2738558, at * 2 n.5 (S.D.N.Y. June 17, 2014) (noting that it was unclear whether former attorney proceeding *pro se* was entitled to "the special solicitude afforded to *pro se* litigants," but treating him as a *pro se* litigant "out of an abundance of caution") aff'd, 594 F. App'x 34 (2d Cir. 2015).  Even with a liberal reading of the complaint, it is subject to dismissal.

III.    The Complaint is Subject to Dismissal

Plaintiff brings this diversity action for breach of contract against BD, the Estate of Joseph R. Paradis ("Estate"), Carol Paradis ("Paradis") and William Marshall ("Marshall").  The contract dispute has its origin in an agreement between Joseph R. Paradis and plaintiff wherein plaintiff

4

would receive ten percent of any licensing revenue derived from certain patents.  Compl. at 2.

Plaintiff alleges that he is a third party beneficiary of the contract between Joseph R. Paradis and

BD.  Id. at 5.

As an initial matter, Kersey has not sufficiently pled this Court's subject matter jurisdiction

over this action.  He brings this action based on diversity of citizenship, 28 U.S.C. § 1332.  In his

complaint, Kersey provides a mailing address at a Post Office Box in Framingham, Massachusetts.

See Doc. No. 1-1.  The civil cover sheet indicates that he is a citizen of a state other than

Massachusetts.  See Doc. No. 1-1.  "Diversity jurisdiction exists only when there is complete

diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v.

Preble, 396 F.3d 10, 13 (1st Cir. 2005).  "Citizenship is determined as of the date of

commencement of an action and, therefore, in cases premised on diversity, jurisdiction depends

upon the state of things at the time of the action brought."  ConnectU LLC v. Zuckerberg, 522

F.3d 82, 91 (1st Cir. 2008) (internal quotation marks omitted).  Because Kersey fails to allege his

citizenship, the Court is unable to determine whether there is complete diversity of citizenship

between himself and all defendants.  As the party invoking the Court's jurisdiction, Kersey bears

the burden of establishing that he meets the requirements of diversity jurisdiction.[2]

In addition, this action is barred by the doctrine of *res judicata*.  Under *res judicata* or claim

preclusion principles, "a final judgment on the merits of an action precludes the parties or their

privies from relitigating issues that were or could have been raised in that action." Allen v.

McCurry, 449 U.S. 90, 94 (1980).  The purpose of claim preclusion is to "relieve parties of the

cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent

---

[2] The Court also questions whether Kersey has established that the amount in controversy exceeds $75,000 given that he seeks only two payments.

decisions, encourage reliance on adjudication." Id.  While *res judicata* is an affirmative defense, a "'court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent with the *res judicata* policy of avoiding judicial waste.'" v. Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mort. Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003) (quoting Bezanson v. Bayside Enterps., Inc. (In re Medomak Canning), 922 F.2d 895, 904 (1st Cir. 1990)). Dismissing an action *sua sponte* on the basis of an affirmative defense, such as *res judicata*, is permissible if the facts alleged in the complaint, or matters susceptible of judicial notice, conclusively establish the elements of the affirmative defense. See Banco Santander, 324 F.3d at 16.  As discussed below, *sua sponte* dismissal is warranted here based on the claim preclusive effect of Kersey v. Becton Dickinson and Co., et al., Civil Action No. 2:08-cv-02155-WJM-MF (D.N.J. May 2, 2008).

This action is nearly identical to the New Jersey action, filed by Kersey in 2008 while he was a resident of Rhode Island.  Id.  Apparently Kersey entered into a settlement agreement whereby defendants Paradis and the Estate agreed, among other things, to pay Kersey "10 percent of any future royalties received for patents that Kersey had prosecuted." See Kersey v. Becton Dickinson and Co., Nos. 10-2586, 10-3076, 433 Fed. Appx. 105, 108 (3d Cir. Jun. 24, 2011).   In the instant complaint, Kersey contends that he is entitled to payment for the fourth quarter of 2015 and the first quarter of 2016.   As noted by BD in its brief in support of the Rule 11 motion, the Third Circuit determined that Kersey is not a third-party beneficiary to the License. See Doc. No. 15-1.  Moreover, BD notes that the New Jersey federal court sanctioned Kersey for pursuing frivolous claims.  Id.  Thus, all claims against BD are dismissed.

IV.    <u>Defendants are Not in Default</u>

To the extent Kersey renewed his request for default judgment, <u>see</u> Doc. No. 17, such request is DENIED. Kersey's initial request for default was denied because summonses have not yet issued in this action. There is no basis to find that any of the defendants are in default. Kersey's renewed motion will be denied because summonses still have not issued and none of the defendants has waived service of a summons.

V.    <u>Motion for Sanctions</u>

Defendant BD has moved for the Court to sanction Kersey under Rule 11. <u>See</u> Doc. No. 15. Before filing the Rule 11 motion, BD notified Kersey of its intent to file the motion if he did not withdraw the complaint. In support of his motion to strike the Rule 11 motion, Kersey simply asserts that BD is in default. <u>See</u> Doc. No. 17. Kersey's complaint against BD is frivolous. The Court, therefore, ALLOWS BD's motion for sanctions and awards reasonable attorney's fees and costs incurred in bringing its motion.

<u>CONCLUSION</u>

Based upon the foregoing, it is hereby ORDERED that:

1. Kersey's Application (#12) to Proceed in District Court Without Prepaying Fees is <u>ALLOWED.</u>

2. Kersey's Motion (#17) to Strike and Renewed Motion for Default Judgment is <u>DENIED</u>.

3. BD's Motion for Sanctions (#15) is <u>ALLOWED</u>. BD shall submit its claim for attorney's fees and costs within seven days of the date of this Memorandum and Order. Kersey shall file his objections, if any, to the reasonableness of such fees and costs within fourteen days thereafter.

4. If Kersey wishes to pursue this action, he must, within 21 days of the date of this Memorandum and Order, show cause, in writing, as to why the remainder of his complaint is not subject to dismissal, or he shall file an amended complaint that cures the pleading deficiencies of the original complaint, as outlined herein. Any such amended complaint shall not include any third party beneficiary claims against BD. Failure to comply with

this Order will result in dismissal of the action.

5.   No summonses shall issue pending further Order of the Court.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge