UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George E. Kersey, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16-10495-LTS |
| Becton Dickinson and Co., et al, | ) |
| Defendants. | ) |

ORDER

December 14, 2017

SOROKIN, J.

On November 2, 2017, counsel for Defendant Becton Dickinson and Co. ("BD") filed a letter seeking to have the Court order Plaintiff George E. Kersey ("Kersey") to show cause why he should not be further sanctioned in a manner that prevents him filing frivolous or vexatious claims against BD. See Docket No. 47. The letter, a copy of which was sent to Kersey, outlines Kersey's conduct since the dismissal of this action on October 17, 2016. Id.

It is well-established that "[f]ederal courts ... possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir.1993) (per curiam). A district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same). The First Circuit has made clear that such sanctions are not to be imposed without the plaintiff being "warned or otherwise given notice that filing restrictions were

contemplated," and afforded "an opportunity to respond" before entry thereof. Cok, 985 F.2d at 35.

Here, the Court's records show that more than one year ago, on August 25, 2016, this Court advised Kersey that his action against BD was barred by the doctrine of *res judicata* based on the nearly identical action dismissed in the District of New Jersey and affirmed by the Third Circuit. See Kersey v. Becton Dickinson and Co., Nos. 10-2586, 10-3076, 433 Fed. Appx. 105, 108 (3d Cir. Jun. 24, 2011). Shortly thereafter, the case was dismissed with prejudice and BD's motion for attorney fees was granted. See Docket No. 25. Kersey was ordered to reimburse attorney fees to BD in the amount of $14,945.12. Id. The First Circuit affirmed these rulings. Kersey v. Becton Dickinson and Co, et al., Nos. 16-2294, 16-2422 (1st Cir. Sept. 7, 2017).

Not deterred both by this Court's and the First Circuit's rulings, Kersey subsequently filed an Amended Complaint on September 27, 2017, which was stricken on November 1, 2017. See Docket Nos. 46, 48. The First Circuit's mandate issued on November 8, 2017. See Docket No. 49. The Court shares counsel's concern that plaintiff Kersey continues to waste the resources of the court system by seeking relief from BD based on issues that were raised in his prior cases. This Court, as well as BD, should not have to expend resources on any further filings from Kersey. This Court has an interest in preventing the waste of judicial resources by a party who knows that his lawsuit has no legitimate basis in law or fact and continues to attempt to relitigate resolved claims and issues. This is especially true, considering that Kersey is a former attorney, albeit disbarred. See In re George E. Kersey, 444 Mass. 65 (2005).

In light of the above, plaintiff is WARNED that he is subject to: (1) an order being entered enjoining him from commencing any future actions against BD in this Court absent permission

from a district judge; and (2) monetary sanctions should he make any additional frivolous, malicious, vexatious, and/or otherwise unreasonable submissions to this Court concerning BD.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED that:

1. George E. Kersey shall, within fourteen (14) days of the date of this Memorandum and Order, show cause, in writing, why he should not be enjoined from filing any pleadings or documents concerning Becton Dickinson and Co. without first obtaining permission from the Court;

2. If George E. Kersey fails to respond or his response does not provide a valid basis for why the filing injunction should not issue, the Court will enter an Order enjoining the plaintiff from filing any new lawsuits, pleadings documents against Becton Dickinson and Co. without first obtaining the Court's permission.

                                              SO ORDERED.

                                              /s/ Leo T. Sorokin
                                              Leo T. Sorokin
                                              United States District Judge